IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORTON & ASSOCIATES, LLC, an　　　　　　　　　Civil No. 05-1091-AA
Oregon limited liability company,　　　　　　OPINION AND ORDER

   Plaintiff,

 vs.

MCCAIN FOODS USA, INC., a
corporation; INSTITUTIONAL
FOOD SERVICE ASSOCIATES, INC.,
a corporation, dba Western
Foodservice Marketing; and
LYNN NYE, an individual,

   Defendants.
_____

Gary J. Lekas
Marc Zwerling
Attorneys at Law
1001 SW Fifth Avenue, Suite 310
Portland, Oregon 97204
 Attorneys for plaintiff

Daniel R. Barnhart
Bullard Smith Jernstedt Wilson
1000 SW Broadway, Suite 1900
Portland, Oregon 97205
 Attorney for defendants Western
 Foodservice Marketing and Lynn Nye

Page 1 - OPINION AND ORDER

Jeremy D. Sacks
Stephen Redshaw
Stoel Rives
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204
    Attorneys for defendant McCain Foods USA, Inc.

AIKEN, Judge:

Pursuant to 28 U.S.C. § 1447(c), plaintiff filed a motion to remand this action to Multnomah County Circuit Court for the State of Oregon. On October 31, 2005, at plaintiff's request, the court heard oral argument on this motion. Based on the extensive briefs and arguments presented by counsel, plaintiff's motion is denied.

## BACKGROUND

Plaintiff initially filed this lawsuit in the Circuit Court of the State of Oregon, County of Multnomah. The complaint alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with plaintiff's economic relationship.

Plaintiff is an Oregon limited liability company engaged in the wholesale foodservice brokerage business. Plaintiff sells on an agency commission basis the food products of its various food manufacturer principals in both Oregon and Washington. Plaintiff's headquarters and principal place of business are in Oregon. As its primary business activity, plaintiff takes buyers' orders for foodservice purchases, or buyers enter orders by electronic means, which are then placed with the foodservice

Page 2 - OPINION AND ORDER

manufacturers. The foodservice manufacturers ship the ordered products directly to their buyers who pay directly the foodservice manufacturers. Plaintiff acts exclusively in an agent capacity and does not take title to the food products shipped to buyers. Plaintiff receives only sales commissions which are paid by the manufacturers.

Western Foodservice Marketing is a registered assumed business name for defendant Institutional Food Services Associates, Inc. ("Western") which is incorporated in Washington. Similar to plaintiff, Western acts as a broker in the wholesale food business in Oregon and Washington selling the foodservice products of various foodservice manufacturers. Defendant Lynn Nye began working for plaintiff in 1995 as a sales representative pursuant to a written contract. The contract restricted Nye from competing, disclosing information and contacting manufacturers after her employment with plaintiff ended. In 2003, Nye voluntarily terminated her employment with plaintiff. Shortly thereafter, she began working for Western as a sales representative in competition with plaintiff. Plaintiff then filed its complaint in state court.

Pursuant to 28 U.S.C. § 1446, Western filed its Notice of Removal based on a claim of complete diversity of citizenship between plaintiff and each of the three defendants. The Notice alleged that plaintiff has its principal place of business in

Oregon; Western is a Washington corporation with its principal place of business in Kirkland, Washington; defendant Lynn Nye is domiciled in Seattle, Washington; and defendant McCain Foods USA, Inc. is a Maine corporation with its principal place of business in Lisle, Illinois.

Plaintiff filed its motion to remand asserting that Western's principal place of business is Oregon and therefore complete diversity of citizenship does not exist and this court lacks subject matter jurisdiction.

STANDARDS

Title 28 U.S.C. § 1332(a) provides that, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." Title 28 U.S.C. § 1441 provides that if a court does not have original jurisdiction over a matter, that action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Courts strictly construe the removal statute against removal jurisdiction. For removal to be effective, all defendants served in a state action must join in the removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Defendants who remove a case from State court bear the burden of proving

Page 4 - OPINION AND ORDER

federal jurisdiction. <u>Carpenters Southern Cal. Admin. v. Majestic Housing</u>, 743 F.2d 1341, 1343 (9th Cir. 1984).

Finally, a party may challenge a Notice of Removal by bringing a motion to remand. 28 U.S.C. § 1447(c). <u>N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.</u>, 69 F.3d 1034, 1038 (9th Cir. 1995).

DISCUSSION

I. Corporation Citizenship

A corporation is deemed to be a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, the Ninth Circuit applies the "place of operations" test; that is, where does the corporation conduct the "substantial predominance of its business activities." <u>Tosco Corp. v. Communities for a Better Env.</u>, 236 F.3d 495, 497 (9th Cir. 2001)(internal citation omitted). The principal place of business can be in a state other than the state the corporation's headquarters are located in. <u>Industrial Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1094 (9th Cir. 1990)("where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state.").

Plaintiff asserts that Oregon is Western's principal place

of business, despite the fact that Western is incorporated in Washington.  Western argues that there exists, in fact, three separate businesses:  Institutional Food Services Associates, Inc. ("IFSA-Washington"), a Washington corporation headquartered in Bellevue, Washington and one of the named defendants in this action; Institutional Food Services Associates, Inc. ("IFSA-Oregon), a Washington corporation headquartered in Milwaukie, Oregon and not a party to this case; and Foodbroker Customer Service, Inc., also a Oregon corporation not a party to this case.

There is no dispute that defendant Nye worked for plaintiff in Washington from 1995 to 2002.  In 2003, Nye began working as a sales representative for IFSA-Washington in Washington.  Nye has never worked for IFSA-Oregon, has never worked for Foodbroker Customer Service, Inc., and has never worked in Oregon for IFSA-Washington.

IFSA-Washington's President is Kent Pfeifer and its Controller is Laurie Pfeifer.  They live and work in Washington. IFSA-Washington employs 20 employees all of whom live and work in Washington.  IFSA-Washington contracts with Foodbroker Customer Service, Inc., an Oregon corporation to handle some of its customer service functions.  IFSA-Oregon was founded in Oregon in 1991.  It was incorporated in Washington and is headquartered and has its principal place of business in Milwaukie, Oregon.  IFSA-

Oregon leases 2,164 square feet of office space and approximately 578 square feet of warehouse space from Pfeifer-Anderson, LLC in Milwaukie, Oregon. IFSA-Oregon has no satellite offices. IFSA-Oregon uses the Western Foodservice Marketing name. Also, like IFSA-Washington, the President of IFSA-Oregon is Kent Pfeifer and the Controller is Laurie Pfeifer. Western admits that while there is common ownership and management between the two companies, "IFSA-Washington and IFSA-Oregon are nevertheless independent corporations that operate their own separate businesses." Defendants' Memo in Opposition, p. 5. IFSA-Oregon observes corporate formalities and holds regular corporate meetings. It has its own banking account in Oregon, its own Employer identification number, and pays its own taxes. IFSA-Oregon has fourteen employees who all live and work in Oregon.

Plaintiff argues that IFSA-Oregon is an "alter ego" of IFSA-Washington and therefore Oregon should be considered the principal place of business of defendant Western. I disagree and find that neither the "alter ego" or "agency" theories are applicable to the record at bar. Generally, a corporation is considered a legal entity, separate and distinct from its stockholders, with separate and distinct liabilities and obligations. However, the corporate form will be disregarded and treated as the alter ego of another entity when: (1) a unity of interest and ownership such that the separate personalities of

Page 7 - OPINION AND ORDER

the corporation and the individual no longer exist; and (2) an unjust or inequitable result occurs if the acts are treated as those of the corporation alone.

Plaintiff asserts that the same concept applies where the entity sought to be held liable is another corporation, only a different wording is used.  A corporate form of one company will be disregarded when it is so organized and controlled and its affairs are so conducted, as to make it merely an instrumentality or agency of another corporation.  Moreover, the concept of "agency" similarly applies where a corporation's control is so pervasive and continual over a second corporation that the second corporation may be considered nothing more than an agent or instrumentality of the first corporation, notwithstanding the maintenance of separate corporate formalities.  Therefore, if a corporation, IFSA-Washington, exercises such a degree of control over another corporation, IFSA-Oregon, that IFSA-Oregon can be described as a means through which IFSA-Washington acts, or nothing more than an incorporated department of IFSA-Washington, then IFSA-Oregon is appropriately deemed to be the agent of IFSA-Washington and IFSA-Washington has as its principle place of business the place of IFSA-Oregon.

The record here does not support such a degree of control by IFSA-Washington over IFSA-Oregon.  IFSA-Washington has 20 employees, and they are all located in Washington.  IFSA-

Washington's tangible property is located in Washington. All of IFSA-Washington's production activities, i.e., sales, occur in Washington. IFSA-Washington earns all of its income from its Washington activities. IFSA-Washington has been incorporated in Washington since 1971, has always had its headquarters located there, held it board meetings there, and paid its taxes there.

Similarly, IFSA-Oregon employs 14 employees who live and work only in Oregon. IFSA-Oregon has a bank account in Oregon, its own Employer identification tax number, and pays its own taxes. Despite the fact that the President and Controller of both corporations are the same (Kent Pfeifer and Laurie Pfeifer, respectively), the day-to-day management of each company is handled by different managers who live and work in the respective home state of the corporation that employs them. The Vice-President of IFSA-Washington is Bill Helper, the Sales Manager for Western Washington is Mike Dixon, and the Sales Manager for Eastern Washington is Sean Mohr. They live and work in Washington. The Vice-President of IFSA-Oregon is Mike Anderson, and the Sales Manager is Jim Torgerson. They both live and work in Oregon and handle the day-to-day operations and management of IFSA-Oregon. The record before the court regarding the management of each corporation underscores the fact that each corporation is a separate legal entity, operated independently, and that IFSA-Oregon is not the alter ego or agent for IFSA-

Washington.

    Plaintiff relies on IFSA-Washington's website which states that the primary location to contact Western is in Milwaukie, Oregon, and that another website lists Oregon as Westerns' headquarters. Defendants respond that the website does not make a distinction between the two corporations and that IFSA-Washington and IFSA-Oregon use the same website (www.westernfoodservice.net) and both corporations use the business name of "Western Foodservice Marketing" in the respective states where they operate (Washington and Oregon). Nevertheless, they are still separate corporations and operate their respective businesses separately. Second, defendants point out that to the extent that the website gave the impression that IFSA-Washington had its primary place of business or headquarters in Oregon, it was "due to an error by the creator of the website." Defendants' Opposition, p. 12. The creator of the website acknowledged that when it created the website, it erred in assuming that the primary office for "Western Foodservice Marketing" was in Oregon. Defendants represent that at no time did anyone from IFSA-Washington indicate that Oregon was its headquarters or primary office. The website creator has since corrected this error by changing the website to indicate that Seattle is the primary office. Similarly, the website for Foodservice Sales & Marketing Association ("FMSA") also

Page 10 - OPINION AND ORDER

misidentified "Oregon" as the headquarters for "Western Foodservice Marketing." The FSMA has now updated its database to reflect "Seattle" as the headquarters for "Western Foodservice Marketing." IFSA-Washington acknowledges, however, that since both corporations use the "Western Foodservice Marketing" name, any reference to a "headquarters" on the website would be ambiguous. Depending on which corporation was at issue, either Bellevue, Washington, or Milwaukie, Oregon could be correct. The website identification of where a company is headquartered is not dispositive. I find more compelling the actual corporate structure that exists for each company. Further, I do not find evidence of commingling of funds and other assets of the two corporations, payment of the debts of one corporation by the other corporation, identical equitable ownership of the two corporations, and use of one corporation as a mere shell or conduit for the affairs of the other. Further, I find no evidence of inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, use of common employees, control by one corporation of the business and day-to-day operations of the other, and lack of any independent business by one corporation or the other. Although no one factor listed above is determinative of whether there is a unity of interest and ownership between the two corporations, I will look to the balance of all of these factors in determining whether the

single enterprise rule should be applied, that is, whether the corporate form of one company should be disregarded because it is so controlled as to make it merely an agency of another company.

In considering the factors listed above, I find no grounds to disregard IFSA-Oregon's corporate structure and instead find that it is an independently controlled and operating corporation. Therefore, this court maintains diversity jurisdiction based on the Washington incorporation and principal place of business of defendant IFSA-Washington.

II.  Forum Selection Clause

Plaintiff argues, alternatively, that defendants cannot remove this lawsuit because defendant Nye's consent to removal is invalid since she earlier contracted to litigate any disputes in an Oregon court.  Plaintiff asserts that Nye is now estopped from joining in and has waived any right to removal.  I disagree and find that Nye properly consented to removal.

Nye's employment agreement with plaintiff states that the agreement "shall be construed, interpreted and enforced under the laws, and in the courts, of the State of Oregon."  Employment Agreement, ¶ 16, attached as Ex. H to Affidavit of Gary Lekas. This language is permissive, not exclusive.  The Ninth Circuit directs that a forum selection clause must contain mandatory and exclusive language in order to require litigation of disputes in a particular court.  See Hunt Wesson Foods, Inc. v. Supreme Oil

Co., 817 F.2d 75 (9th Cir. 1987). In Hunt, the court explained that "in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction." Id. at 77. The language at issue in Hunt stated that the court of Orange County, California, "shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." Id. at 76-77. The court found this language permissive, not mandatory, because "[a]lthough the word 'shall' is a mandatory term, here it mandates nothing more than that Orange County courts have jurisdiction . . .. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court." Id. See also, Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1036-37 (9th Cir. 1995)(the language stated that a decision of the board of directors "shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco . . . The court ruled that "the language 'shall be enforceable' is no less permissive than the 'shall have jurisdiction' language in Hunt").

I find that plaintiff's agreement lacks the specificity required by the Ninth Circuit to mandate enforcement of the agreement in an Oregon court. I find that the agreement's permissive language does not bar removal of this case to this

Page 13 - OPINION AND ORDER

court.  Plaintiff's motion to remand based on an invalid forum selection clause is denied.

## CONCLUSION

Plaintiff's motion to remand (doc. 12) is denied. Plaintiff's further request for attorney fees on this motion is also denied.

IT IS SO ORDERED.

Dated this __15__ day of November 2005.

                                              /s/ Ann Aiken
                                                  Ann Aiken
                                   United States District Judge